1

2

3

4

5

6

7

8

9                                                      The Honorable Richard A. Jones

10                           UNITED STATES DISTRICT COURT
                         WESTERN DISTRICT OF WASHINGTON
11                                      AT SEATTLE

12   THE RIVERSIDE PUBLISHING           )        No. 2:11-cv-1249-RAJ
     COMPANY,                           )
13                                      )        **DECLARATION OF BENJAMIN**
                          Plaintiff,    )        **JUSTUS IN SUPPORT OF**
14                                      )        **DEFENDANTS' FED. R. CIV. P.**
                 v.                     )        **56(D) MOTION IN RESPONSE TO**
15                                      )        **PLAINTIFF'S MOTION FOR**
     MERCER PUBLISHING LLC, MICHAEL     )        **PARTIAL SUMMARY**
16   HUBBARD and RACHEL HUBBARD,        )        **JUDGMENT**
     husband and wife, and the marital  )
17   community comprised therein,       )
                                        )
18                        Defendants.   )

19
            I, Benjamin Justus, hereby declare and certify as follows:
20
            1.      I am one of the attorneys representing the Defendants in this case.  I have
21
     personal knowledge of the facts contained herein.
22

23          2.      As stated in my prior declarations filed in support of Defendants' motion to

24   compel discovery, the documents provided by Plaintiff to date are seriously deficient.  Whole

25   categories of relevant information specifically requested in the discovery requests are just plain

26   missing.  Oral and written requests to provide complete discovery responses have repeatedly

DECLARATION OF BENJAMIN JUSTUS IN SUPPORT OF DEFENDANTS'
FED. R. CIV. P. 56(D) MOTION IN RESPONSE TO PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT- 1

No. 2:11-cv-1249-RAJ

Lybeck ✦ Murphy LLP
Chase Bank Building
7900 SE 28th Street, Fifth Floor
Mercer Island, WA 98040
206-230-4255  Fax 206-230-7791

1    been made.   As soon as the obvious deficiencies were recognized, Mr. Lybeck e-mailed

2    Plaintiff's counsel on September 10, 2012 and provided a list of categories for which Plaintiff

3    had not provided responsive documents.   Attached hereto as Exhibit A is a true and correct

4    copy of the September 10, 2012 e-mail.

5
          8.      Four days later, Plaintiff's counsel was requested to confirm that he would not

6
     be refusing to produce documents from a list of categories contained in the e-mail.   By

7
     telephone, Plaintiff's counsel confirmed that Plaintiff was not refusing production of the

8
     documents on a categorical basis.   Attached hereto as Exhibit B is a true and correct copy of the

9
     September 14, 2012 e-mail.

10

11        9.      Despite numerous discussions and requests, Plaintiff has failed to comply with

12   the discovery requests.   Attached hereto as Exhibit C are true and correct copies of additional e-

13   mails from my office to Plaintiff's counsel requesting the production of documents.

14
          10.     On October 1, 2012, Mr. Lybeck again e-mailed Plaintiff's counsel with an
15
     extensive list of categories of requested communications that Plaintiff had yet to provide.
16
     Plaintiff's counsel did not substantively respond to the e-mail.   Plaintiff has not produced
17
     additional documents responsive to the list contained in the e-mail.   Attached hereto as Exhibit
18
     D is a true and correct copy of the October 1, 2012, e-mail.
19

20        11.     Plaintiff also has repeatedly refused to certify that the documents produced to
21
     date represent all of the responsive documents in its possession, custody or control.   On October
22
     1, 2012, Mr. Lybeck sent an e-mail to Plaintiff's counsel requesting that counsel provide a
23
     formal certification that Plaintiff had made full and complete discovery.   As noted above, in its
24
     narrative responses, Plaintiff's authorized representative had still not signed the verification
25
     page.   Attached hereto as Exhibit E is a true and correct copy of the October 1st e-mail.
26

DECLARATION OF BENJAMIN JUSTUS IN SUPPORT OF DEFENDANTS'
FED. R. CIV. P. 56(D) MOTION IN RESPONSE TO PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT- 2

No. 2:11-cv-1249-RAJ

Lybeck ✤ Murphy  LLP
Chase Bank Building
7900 SE 28th Street, Fifth Floor
Mercer Island, WA  98040
206-230-4255   Fax 206-230-7791

1    Plaintiff refuses to provide the formal certification.

2        12.    In September 2012, Defendants subpoenaed records from third parties.  The

3    records custodian subpoenas requested documents similar to the documents requested in the

4    requests for production served on Plaintiff.  In early October, and just after the discovery cutoff,

5    we received documents from the Fairfax County Public Schools ("Fairfax").  Fairfax is one of

6    Plaintiff's largest customers and is central to the claims, counterclaims and defenses in this

7    case.  Documents provided by Fairfax should have been included in Plaintiff's production but

8    were withheld.  One specific set of documents sent by Fairfax was an e-mail exchange between

9    Plaintiff and Fairfax through which Plaintiff distributed and also admitted purchasing and

10   copying Defendants' copyrighted test preparation materials.  Attached hereto as Exhibit F is a

11   true and correct copy of the April 21, 2008, e-mail and pertinent pages from the attachment to

12   the e-mail.

13       13.    The April 21, 2008, copyright infringement documented in the e-mail is

14   specifically responsive to Defendants' Interrogatory 4 and Requests for Production 2, 18, and

15   20.  Attached hereto as Exhibit G is a true and correct copy of Defendants' First Interrogatories

16   and Requests for Production of Documents and Answers and Responses Thereto.

17       14.    Also included in the documents received from Fairfax County Public Schools

18   was an e-mail dated April 25, 2012, between Fairfax employees discussing the current litigation

19   filed by Plaintiff.   Defendants requested that Plaintiff produce documents discussing

20   Defendants' test preparation materials in Requests for Production 2, 17, 18, 19, and 20.  *See*

21   Exhibit G, hereto.  Out of the thousands of documents produced by Plaintiff, this is one of

22   many categories of requested communications for which Plaintiff has produced little or no

23   documents, despite the fact that Plaintiff has had ongoing  communications  with third parties

DECLARATION OF BENJAMIN JUSTUS IN SUPPORT OF DEFENDANTS'
FED. R. CIV. P. 56(D) MOTION IN RESPONSE TO PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT- 3

No. 2:11-cv-1249-RAJ

Lybeck ❖ Murphy LLP
Chase Bank Building
7900 SE 28th Street, Fifth Floor
Mercer Island, WA  98040
206-230-4255   Fax 206-230-7791

1    about Defendants and the litigation.  Attached hereto as Exhibit H is a true and correct copy of

2    the April 25, 2012, e-mail.

3         15.      In October 2012, after reviewing documents received through record custodian

4    subpoenas of third parties, we learned that Dr. David Lohman at the University of Iowa

5    requested copies of Mercer Publishing practice materials, and that Riverside and its corporate

6    parent facilitated illicit access.  Plaintiff and Dr. Lohman clearly viewed Mercer Publishing

7    materials in their efforts to prepare Plaintiff's practice test materials to compete with Mercer

8    Publishing's practice test materials.  Attached hereto as Exhibit I are copies of August and

9    September 2011 emails between Dr. Lohman, his graduate assistant Ryan O'Connor, and

10   Riverside representatives.  Again, Defendants had requested that Plaintiff produce documents

11   discussing Defendants' test preparation materials in Requests for Production 2, 17, 18, 19, and

12   20.  *See* Exhibit G, hereto.

13        16.      Beginning in August 2012, Defendants also sought to take the depositions of

14   four key employees of Plaintiff in Chicago.  Plaintiff's representatives ultimately refused to

15   appear for the depositions once they were re-noted for the week of October 8, 2012.  Attached

16   hereto as Exhibit J are various emails regarding Defendants' request for the depositions of

17   Plaintiff's employees.  The most recent notices of depositions served upon Plaintiff's counsel

18   are included with Exhibit J.

19        17.      As is explained in detail in Defendants' Fed.R.Civ.P. 56(d) Motion in Response

20   to Plaintiff's Motion for Partial Summary Judgment (Doc. 75), the information Defendants

21   sought in their discovery requests is directly related to their counterclaims the defenses thereto

22   asserted by Plaintiff.  These counterclaims are the subject of Plaintiff's pending motion for

23   partial summary judgment (Doc. 62).

DECLARATION OF BENJAMIN JUSTUS IN SUPPORT OF DEFENDANTS'
FED. R. CIV. P. 56(D) MOTION IN RESPONSE TO PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT- 4

No. 2:11-cv-1249-RAJ

Lybeck ❖ Murphy LLP
Chase Bank Building
7900 SE 28th Street, Fifth Floor
Mercer Island, WA  98040
206-230-4255   Fax 206-230-7791

18.     To summarize prior pleadings already in the record, Plaintiff's pending motion argues that Defendants' counterclaims are barred by the *Noerr-Pennington* doctrine. Defendants have argued that the *Noerr-Pennington* doctrine does not protect Plaintiff's current lawsuit and other harmful conduct, in part because the lawsuit and related activities were a sham and not a genuine effort to petition the government for relief.  As discussed in detail in Defendants' response to the motion for partial summary judgment (Doc. 83), the limited evidence obtained to date strongly indicates that Plaintiff could not have reasonably believed that its current lawsuit and other threats and actions against Defendants were objectively reasonable, because Plaintiff never had any good faith belief that Defendants had accessed and infringed Plaintiff's copyrighted works.

19.     As discussed above and in separate pleadings, the limited materials received from third parties strongly indicate that Riverside did not have a good faith belief of infringement by Defendants.  Defendants believe that the outstanding discovery requested from Riverside will necessarily establish and document Riverside's internal consideration and knowledge of this.   It is further anticipated that internal documents yet withheld will conclusively establish that Riverside's continuous harassment and interference with Ms. Hubbard were conducted in spite of this knowledge, both currently and historically.   This evidence is thus necessary to conclusively rebut Riverside's *Noerr-Pennington* defense and support Defendants' allegation of sham litigation.

20.     Also, as discussed in prior pleadings, Plaintiff's pending motion argues that Defendants' counterclaims for tortious interference with their business expectancies fail because Defendants cannot establish that Riverside knew about Defendants' business, or that Riverside interfered with the business for an improper purposes or using improper means.  The

DECLARATION OF BENJAMIN JUSTUS IN SUPPORT OF DEFENDANTS'
FED. R. CIV. P. 56(D) MOTION IN RESPONSE TO PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT- 5

No. 2:11-cv-1249-RAJ

Lybeck ✤ Murphy LLP
Chase Bank Building
7900 SE 28th Street, Fifth Floor
Mercer Island, WA  98040
206-230-4255    Fax 206-230-7791

same requested but withheld communications described above would be necessary to conclusively rebut these arguments of Riverside and establish its internal knowledge of Defendants' business and the true intentions and purposes underlying Riverside's acts of interference.

21.     Once armed with the requested but withheld internal and external communications of Riverside, Defendants believe that depositions of Riverside's key employees will conclusively establish, by admission from speaking agents, both the rebuttal of Riverside's *Noerr-Pennington* defense and the currently disputed elements of Defendants' counterclaims for tortious interference.

22.     As discussed in my prior declaration, I explained to Riverside immediately after service of its narrative responses why the requested but still withheld discovery is necessarily related to the rebuttal of Riverside's *Noerr-Pennington* defense and the currently disputed elements of Defendants' counterclaims for tortious interference.  Attached hereto as Exhibit K is a copy of my August 15, 2012 email to counsel for Riverside on these issues.

I declare under penalty of perjury and the laws of the state of Washington the above statements are true and correct to the best of my knowledge.

DATED at Mercer Island, WA, this 16th day of November, 2012.


By: */s/ Benjamin R. Justus*
       Benjamin Justus (WSBA #38855)
Chase Bank Building
7900 SE 28th St., Fifth Floor
Mercer Island, WA 98040
206.230.4255 /ph; 206.230.7791 /fax
brj@lybeckmurphy.com / email Justus

DECLARATION OF BENJAMIN JUSTUS IN SUPPORT OF DEFENDANTS'
FED. R. CIV. P. 56(D) MOTION IN RESPONSE TO PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT- 6

No. 2:11-cv-1249-RAJ

Lybeck ❖ Murphy  LLP
Chase Bank Building
7900 SE 28th Street, Fifth Floor
Mercer Island, WA  98040
206-230-4255   Fax 206-230-7791