HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THE RIVERSIDE PUBLISHING COMPANY,<br><br>    Plaintiff,<br><br>    v.<br><br>MERCER PUBLISHING LLC, et al.,<br><br>    Defendants. | CASE NO. C11-1249RAJ<br><br>ORDER |

This matter comes before the court on Defendants' motion for a temporary restraining order ("TRO"). Dkt. # 101. For the reasons stated herein, the court DENIES the motion.

About a year and a half ago, Plaintiff The Riverside Publishing Company ("Riverside") brought this lawsuit asking the court to enter a TRO preventing Defendant Mercer Publishing LLC, its owner, and her marital community (collectively "Mercer") from publishing test questions that Riverside alleged Mercer had not properly submitted for Mercer's review in accordance with a settlement agreement the parties had reached in a previous litigation. The court denied the motion in an August 4, 2011 order. Since then, this litigation has multiplied in ways the court need not discuss for purposes of the motion now before the court. Among other things, the court ruled on November 4, 2011,

ORDER – 1

that Riverside waived any right to arbitrate this dispute. Riverside appealed that ruling, and its appeal is still pending.

Now, Mercer apparently intends to publish a new set of test questions. As was the case before, Riverside contends that Mercer has not properly submitted the questions for review in accordance with the settlement agreement. This time, however, Riverside has filed an action in King County Superior Court. It has asked that court to appoint an arbitrator.

Mercer now moves for a TRO, asking the court to enjoin Riverside from pursuing the King County action. In its view, Riverside is "forum shopping," and the court ought to stop it.

The court begins by noting that Mercer's request is, in reality, a request that the court enjoin the King County litigation. A federal court may enjoin state court proceedings only in rare circumstances. *See*, *e.g.*, *Negrete v. Allianz Life Ins. Co.*, 523 F.3d 1091, 1100 (9th Cir. 2008) (addressing Anti-Injunction Act, 28 U.S.C. § 2283). Mercer does not acknowledge the federalism concerns its motion raises, much less cite any precedent relevant to it.

Putting that aside, however, Mercer's cries of "forum shopping" are not well taken. Riverside has a new dispute. There are no doubt aspects of the new dispute that resemble the one it brought to this court in the summer of 2011, but Riverside's choice of this forum 19 months ago does not compel it (or doom it) to choose this forum for all future disputes. Or, to put it another way, plaintiffs get to forum shop, unless they do so in violation of a doctrine that prohibits a particular variety of forum shopping. Mercer's motion does not demonstrate impermissible forum shopping.

//
//
//

ORDER – 2

If the court's orders in this litigation have a preclusive effect (the court does not suggest that they do), Mercer may make that argument in the state court. Other than that, it has articulated no grounds for a remedy in this court.

DATED this 21st day of February, 2013.

The Honorable Richard A. Jones
United States District Court Judge

ORDER – 3